# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HARTNEL LAMBERT** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | |
| **THE BOARD OF TRUSTEES OF THE;** | ) | |
| **UNIVERSITY OF ALABAMA; an** | ) | |
| **educational institution; and ARLINE** | ) | |
| **SAVAGE, Ph.D. of the School of Business** | ) | |
| **in her Official and Individual** | ) | |
| **capacities,** | ) | **Jury Trial Requested** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.  This is an action to secure protection of rights, and to redress the arbitrary deprivation of rights by way of discrimination based upon race and the denial of due process, all of which are secured by the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2.  Plaintiff, Hartnel Lambert, was subjected to unwarranted discipline on the basis of his race which led to his receiving a failing grade in a course and withdrawal from the University of Alabama-Birmingham. Furthermore, Mr. Lambert was denied due process before the decision to fail him was made, in that he was not given an opportunity to call witnesses, seek counsel, or cross-examine his accuser(s).

3. It is clearly established that individuals have a constitutional right to be free from race discrimination in public education. It is equally clearly established that a property interest in continued enrollment in a state school is an important entitlement protected by the Due Process Clause of the Fourteenth Amendment.

## PARTIES, JURISDICTION AND VENUE

4. Hartnel Lambert, (hereinafter "Plaintiff" or "Lambert") is an adult male resident of Jefferson County, Alabama. He is African-American.

5. The Board of Trustees of the University of Alabama is, upon information and belief, comprised of self-selected and self-perpetuating officials who are responsible for policy and governance of the University of Alabama system, including the University of Alabama at Birmingham ("UAB"). It receives federal funds, *inter alia*, in the forms of student grants, student aid, research grants, and other sources of federal monies.

6. Dr. Arline Savage, is chair of the Department of Accounting and Finance at the University of Alabama at Birmingham's Collat School of Business, and denied Mr. Lambert equal protection and due process.

7. Federal jurisdiction in this case is based upon 28 U.S.C. §§1331, 1343(a)(3) and (4).

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Northern District of Alabama and in the Southern Division thereof, because all of the Defendants reside or exist in Jefferson County, Alabama, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

9.  During the Spring Semester of 2017, Mr. Lambert enrolled in an elective course in the UAB School of Business, Accounting 490.  At the time, Mr. Lambert was an Accounting major and operated an accounting business of his own which specialized in tax preparation and business consulting.

10.  As part of the course, students were required to volunteer their time to assist local individual citizens in the preparation of their income tax returns.  The students were not allowed to provide income tax preparation assistance to businesses.

11.  While volunteering at one of the locations set up to provide tax assistance, Mr. Lambert was approached by a business owner, John Joseph Reeser [white male] who stated that program was not able to help him because of the complexity of his needs.  Specifically, Mr. Reeser wanted his business return done by the program, which it was not equipped to do.

12.  During their conversation, Mr. Lambert shared with Mr. Reeser that he had need of his services, heating and air conditioner repair, at his home.  Mr. Reeser

then gave Mr. Lambert a business for him to schedule an appointment.

    13.    When Mr. Lambert called to set up an appointment for the repair work, Mr. Reeser questioned him about help with filing his business return. At this time, Mr. Lambert advised Mr. Reeer of some general steps he could take to help himself. Mr. Reeser then asked Mr. Lambert whether he could assist him in preparing his business tax return. Mr. Lambert agreed to do so for a fee of $297.00. Mr. Lambert at no time solicited business from Mr. Reeser.

    14.    Mr. Lambert met with Mr. Reeser on April 16, 2017 at around 6:00pm on UAB's campus. The volunteer program had already stopped doing income tax returns for the season and does not prepare tax returns for small business owners such as Mr. Reeser.

    15.    Mr. Reeser provided Mr. Lambert with all of the documents needed to complete his business return, including an income statement and small business income (Schedule C) organizer.

    16.    On April 25, 2017, Mr. Lambert received an email from Eddie Nabors [white male] stating "we need to meet with you regarding an issue that arose as part of our AC 490 class. Please come to BEC 216A (the conference room in the Dean's office) on Thursday, 4/27, at 1:30 p.m." Mr. Nabors is the professor who taught the course.

Mr. Lambert asked "what issue are you referring to regarding the AC 490 class" Mr. Nabors replied "we will discuss it on Thursday. See you then."

17. When Mr. Lambert arrived to the meeting, he was met by Larry Cowart, Assistant Professor [white male]; Eddie Nabors, Instructor [white male]; Savefirst: Stephen Black, President and Founder [white male]; and, SaveFirst Volunteer: Claire McDonald, Coordinator [white male].

18. The meeting began by Mr. Black accusing Mr. Lambert of committing a felony and a misdemeanor by performing the service for the Mr. Reeser, the small business owner. Mr. Lambert explained that Mr. Reeser approached him away from school after he had been rejected by the volunteer program as ineligible for its services. Mr. Lambert explained that he did not solicit business from Mr. Reeser, but in fact that Mr. Reeser had approached him.

19. Mr. Lambert did not receive due notice of the charges against him and a hearing to meet the allegations being leveled against him. During the meeting Messrs. Black, Cowart, and Nabors continuously threatened Mr. Lambert with state and/or federal prosecution. Mr. Lambert is a veteran of the Armed Forces of the United States [U.S. Navy] and has never been in any trouble with the law his entire life. Yet, on this day he was treated like a common street thug and threatened with incarceration.

20. At the conclusion of this meeting, Mr. Lambert was told that a decision regarding his future at UAB would be forthcoming. He checked his grades a few days later and discovered that he had received an "F" for the course.

21. Mr. Lambert then scheduled a meeting with Dr. Arline Savage which was set for May 5, 2017 at 9:30a.m. At this meeting, Mr. Lambert provided a money order for $297.00, which was supposed to refund the money paid by Mr. Reeser to him and an general release letter. He then requested that Dr. Savage arrange for Mr. Reeser to sign the letter and provide him a copy. She refused this request but took the money order. Mr. Lambert never received any verification that Mr. Reeser had indeed received the refund.

22. Dr. Savage then informed Mr. Lambert that the reason for his "F" in the course was because he didn't have enough volunteer hours. Mr. Lambert then provided her with emails from Savefirst that showed where he had more than enough hours for the course.

23. Dr. Savage then stated that Mr. Lambert received an "F" because he prepared and charged Mr. Reeser for filing his business tax return. The "F" dramatically lowered Mr. Lambert's G.P.A. and caused him significant problems in completing his undergraduate studies and attending graduate school.

## COUNT I-DECLARATORY RELIEF

24. Lambert incorporates each and every allegation contained in paragraphs 1-23 above as if fully set forth anew herein.

25. Lambert seeks entry of an order declaring that he was denied due process of law and equal protection of the law under the United States Constitution, Amendment Fourteen and that his rightfully earned grade be set forth on his transcript and that all mention of the "F" wrongfully given to him be removed from his academic files along with any indication of the incident set forth in this lawsuit.

## COUNT II-42 U.S.C. § 1983 & CONSTITUTIONAL CLAIMS
## (DUE PROCESS AND RACE DISCRIMINATION)

26. Lambert incorporates each and every allegation contained in paragraphs 1-25 above as if fully set forth anew herein.

27. Defendants have wrongfully and unlawfully deprived Plaintiff of his rights, privileges, and/or immunities secured by the United States Constitution, the Constitution of the State of Alabama of 1901, federal law, and/or state law.

28. For purposes of this Count, Defendants were acting under color of State law at all times relevant hereto.

29. Plaintiff has suffered damages as described herein above as the result of Defendants' violation of his Equal Protection (race discrimination) and Due Process Rights guaranteed to him by the Fourteenth Amendment to the United States

7

Constitution (and/or the rights or privileges otherwise guaranteed to her by federal law), the deprivation of which is actionable pursuant to 42 U.S.C. § 1983:

Wherefore, Plaintiff demands the following relief:

(a) preliminary and/or permanent injunctive relief, including but not limited to, back pay and front pay or reinstatement in lieu thereof;

(b) Compensatory damages;

(c) Punitive damages [against the individual Defendant]; and

(d) Attorney's Fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described herein above violated and continue to violate the rights of the Plaintiff as secured by the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment;

2. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages;

3. Grant the Plaintiff an order declaring that he was denied Due Process of law and Equal Protection of the law under the United States Constitution,

Amendment Fourteen and that his rightfully earned grade be set forth on his transcript and that all mention of the "F" wrongfully given to him be removed from his academic files along with any indication of the incident set forth in this lawsuit; and,

4.     The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

*/s/Roderick T. Cooks*
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite# 815
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com

**DEFENDANTS' ADDRESS:**

The University of Alabama at Birmingham
1720 2nd Ave South
Birmingham, AL 35294